IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILAS MARTIN, #145609,                )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )   CIVIL ACTION NO. 3:13-CV-950-WHA
                                      )
MARY B. ROBERSON, et al.,             )
                                      )
        Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Silas Martin

["Martin"], a state inmate, in which he alleges that the defendants are denying him access

to the court by failing to provide him copies of those documents he deems necessary to the

prosecution of a Rule 32 petition filed with the Circuit Court of Lee County, Alabama on

October 13, 2013. Specifically, Martin alleges that the Lee County Circuit Clerk, defendant

Mary B. Roberson ["Roberson"], failed to provide him a complete copy of his Rule 32

petition and the exhibits submitted in support of the petition as he received only "the first

fifty-two pages (52) of the [84-page] Rule 32 petition" on December 6, 2013. *Aff. in*

*Support of Complaint - Doc. No. 1-1* at 1.

In the complaint, Martin seeks issuance of a preliminary injunction requiring that

Roberson provide him copies of those documents not previously furnished to him,

including all exhibits attached to the Rule 32 petition, which the court construed as a

motion for preliminary injunction. *Complaint - Doc. No. 1-1* at 3.   Pursuant to an order entered herein, Roberson filed a response in opposition to issuance of the preliminary injunction supported by relevant evidentiary materials.  In her response, Roberson avers that a criminal docket clerk mailed a complete copy of Martin's Rule 32 petition to him in December of 2013.  *Roberson's Response - Doc. No. 11* at 1; *Aff. of Lee McKee in Support of Response - Doc. No. 11* at 5 ("On December 4, 2013, I sent a copy of the documents requested by [Martin]... . The documents sent to [Martin] from this office included his original Rule 32 Petition, In Forma Pauperis documents, and exhibits.  The copies sent to [Martin] pursuant to his request totaled 106 pages.").  Roberson therefore argues that Martin is not entitled to preliminary injunctive relief as he does not meet each of the requisite elements for issuance of a preliminary injunction.

Upon review of the motion for preliminary injunction and the response filed by Roberson, the court concludes the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Martin demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the

threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).   "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of*

*Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

Martin seeks issuance of a preliminary injunction requiring immediate production of exhibits relative to his state Rule 32 petition which he alleges had not been received as of December 12, 2013. In response to this motion, defendant Roberson maintains that her office mailed copies of all relevant documents to Martin on December 4, 2013.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Martin has failed to demonstrate a substantial likelihood of success on the merits of his claims. Martin also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the requested injunction could have an adverse impact on the daily operation of the clerk's office. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Martin has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before February 20, 2014, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 6th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE